| | |
|---|---|
| JOHN WESLEY PILINSKI, JR. | CIVIL ACTION NO. 5:14-CV-00923 |
| VERSUS | JUDGE S. MAURICE HICKS |
| JERRY GOODWIN | MAGISTRATE JUDGE PEREZ-MONTES |

# REPORT AND RECOMMENDATION

## I. Background

Before the Court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by pro se petitioner John W. Pilinski, Jr. ("Pilinski"). Pilinski is attacking his 2011 conviction entered pursuant to a guilty plea in the Louisiana First Judicial District Court in Caddo Parish on one count of aggravated flight from an officer, as well as a guilty plea to being a fourth felony offender. Pilinski was sentenced to 20 years imprisonment, to run consecutively with the sentence he was already serving. Pilinski is presently incarcerated in the David Wade Correctional Center in Homer, Louisiana (Doc. 1).

Pilinski raises the following grounds for habeas relief:

1. Pilinski's constitutional rights to due process and equal protection of the law were violated when he was convicted on a Bill of Information that: (1) cited the incorrect statute; and (2) failed to list the two required elements that make the offense a felony.

2. Pilinski's guilty plea was not knowing, intelligent, and voluntary because he had believed he would receive good time credit and concurrent sentences.

3. The predicate offenses used for the habitual offender adjudication did not comply with La. C. Cr. P. art. 701.

4. The trial court erred when it denied Pilinski's motion to recuse the District Attorney's office.

5. The March 21, 2011 habitual offender proceedings did not comply with La. R.S. 15:529.1

6. The sentence imposed by the trial judge was excessive.

7. Pilinski had ineffective assistance of trial counsel because trial counsel: (A) instructed Pilinski to plead guilty instead of going to trial; (B) did not adequately prepare for trial; (C) did not interview Pilinski in a timely manner to discuss the case; (D) did not attempt to contact witnesses; (E) refused to adopt the change of venue motion; (F) neglected to study the record; (G) failed to file a motion to suppress after being advised to do so; (H) failed to file an appeal on the denial of the motion to recuse the DA's office; (I) failed to file a motion to quash, leaving Pilinski to file it pro se; (J) failed to challenge the habitual offender bill of information; and (K) failed to notice the defective Bill of Information.

8. The District Attorney's office engaged in vindictive prosecution of Pilinski in his habitual offender proceedings, due to strong criticism by the media, private citizens, and political foes.

Respondent answered the petition and raised the affirmative defense of prescription (Doc. 23). Pilinski's habeas petition is now before the Court for consideration.

## II. Facts of the Case

In 2008, Pilinski was charged with felony theft (of a motor vehicle), illegal possession stolen things, and aggravated flight from an officer (Doc. 23-2, p. 9/272). Pursuant to a plea agreement, Pilinski pleaded guilty to aggravated flight from an officer and to being a fourth felony habitual offender, and was sentenced to the

agreed-upon sentence of 20 years (Doc. 23-3, pp. 118-26/272). The sentence was imposed consecutively to the ten-year sentence Pilinski was already serving (Doc. 23-3, p. 125/272).

Pilinski filed a Motion to Reconsider Sentence on April 14, 2011 (Doc. 23-3, p. 128/272). The district court denied that motion on May 12, 2011, noting that 20 years was the shortest sentence allowed under La. R.S. 15:521.9, for a fourth-felony offender (Doc. 23-2, p. 134/272).

Pilinski filed a Motion to Correct Illegal Sentence on October 3, 2011, arguing the Bill of Information charged him with the incorrect statute, La. R.S. 14:108.3, and therefore was defective for failing to charge an offense punishable under a valid statute (Doc. 23-3, p. 147/272). Pilinski contended: (1) he should have been charged with La. R.S. 14:108.1(C) or (D); (2) the Bill of Information failed to list the two elements required for aggravated flight from an officer, La. R.S. 14:108.1; (3) the Bill of Information was void for vagueness; (4) he could not plead guilty to a crime with which he was not charged; and (5) these were "patent defects" (Doc. 23-3, pp. 147-162/272).[1] Pilinski's motion to correct illegal sentence was denied on July 25, 2012 (Doc. 23-3, p. 254/272).

Pilinski filed an application for post-conviction relief on April 26, 2012, raising the grounds alleged in this habeas petition (Doc. 23-3, p. 158/272). That application

---

[1] Pilinski filed a motion for writ of mandamus on the motion to correct illegal sentence (Doc. 23-2, p. 237/272), which was granted (Doc. 23-3, p. 250/272).

was denied by the District Court on April 23, 2013 (Doc. 23-3, p. 265/272). Pilinski filed a notice to apply for supervisory writs to the Louisiana Second Circuit Court of Appeal on May 8, 2013 (Doc. 23-2, p. 267/272). Pilinski's application for supervisory writs on post-conviction relief was denied by the Second Circuit on August 15, 2013 (Doc. 23-4, p. 120/268). Pilinski also filed an application for writs to the Louisiana Supreme Court on September 16, 2013 (Doc. 23-4, p. 142-43/268). That application was denied on April 17, 2014 (Doc. 23-5, p. 56/188).

III. <u>Law and Analysis</u>

    A. <u>Rule 8(a) Resolution</u>

The Court is able to resolve this habeas corpus petition without an evidentiary hearing because there is no genuine issue of material fact relevant to the petitioner's claims, and the state court records provide the required and adequate factual basis. <u>See</u> <u>Moya v. Estelle</u>, 696 F.2d 329, 332-33 (5th Cir. 1983); <u>Easter v. Estelle</u>, 609 F.2d 756, 761 (5th Cir. 1980); Habeas Corpus Rule 8(a).

    B. <u>Standard of Review</u>

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall be considered only on the ground that he is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a).

Under 28 U.S.C. § 2254 and AEDPA, which is applicable to habeas petitions filed after its effective date on April 24, 1996, habeas relief is not available to a state prisoner with respect to a claim that was adjudicated on the merits in the State court

4

proceedings unless the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Therefore, pure questions of law and mixed questions of law and fact are reviewed under § 2254(d)(1), and questions of fact are reviewed under § 2254(d)(2). See Martin v. Cain, 246 F.3d 471, 475-76 (5th Cir. 2001), cert. den., 534 U.S. 885 (2001).

C. Pilinski's habeas petition is timely.

The Antiterrorism and Effective Death Penalty Act of 1996, PL 104-132, 110 Stat. 1214 (1996) ("AEDPA"), provides a one-year period of limitation for filing applications for habeas relief at 28 U.S.C. § 2241(d), as set forth below:

> "(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation shall run from the latest of—
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent

5

> judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

Although the one year period generally runs from the date on which the state criminal judgment became final, prisoners whose convictions became final prior to the AEDPA's effective date of April 24, 1996 have a one year grace period in which to file their habeas corpus petitions, or through April 24, 1997. See Fields v. Johnson, 159 F.3d 914, 916 (5th Cir. 1998); see also Flanagan v. Johnson, 154 F.3d 196, 200 (5th Cir. 1998); U.S. v. Flores, 135 F.3d 1000 (5th Cir. 1998), cert. den., 525 U.S. 1091 (1999).

The Fifth Circuit has held that the one-year limitation period may be tolled for any time during which a properly filed application for post-conviction relief is pending. See Fields, 159 F.3d at 916; see also Melancon v. Kaylo, 259 F.3d 401, 404-405 (5th Cir. 2001); Hall v. Cain, 216 F.3d 518, 520 (5th Cir. 2000). However, the limitation period is not tolled if an application for review of a ruling on post-conviction relief is not timely filed. When the state limitations period is expired, a petitioner is not entitled to further appellate review and, therefore, has no application "pending" in state court. A state court's subsequent decision to allow review of an untimely application may toll the time relating directly to the application. However, it does not change the fact that the application was not pending prior to the time it was filed, and so does not toll the time-period before it was filed. Thus, after the appeal period has lapsed an application ceases to be pending, but a subsequent properly filed

6

application entitles the petitioner to additional tolling beginning at the time of the "proper" filing. See Melancon, 259 F.3d at 407.

Pilinski was convicted, adjudicated a fourth felony offender, and sentenced on March 21, 2011 (Doc. 23-3, pp. 118-126/272). Pilinski's motion to reconsider was timely filed on April 19, 2011 and was denied on May 12, 2011 (Doc. 23-2, p. 134/272).[2] Pilinski did not appeal his conviction and sentence. Pilinski's conviction became final on June 11, 2011, upon expiration of the thirty-day period (which began after the denial of his motion to reconsider) in which he could appeal his conviction and sentence.[3] Therefore, Pilinski had one year of untolled time from June 13, 2011[4] in which to file his habeas petition.

Pilinski filed a Motion to Correct Illegal Sentence on October 3, 2011. Pilinski's "Motion to Correct Illegal Sentence" was a "properly filed application for State post-

---

[2] La. C. Cr. P. art. 881.1(A)(1) states: "In felony cases, within thirty days following the imposition of sentence or within such longer period as the trial court may set at sentence, the state or the defendant may make or file a motion to reconsider sentence."

[3] A conviction becomes final at the conclusion of direct review or the expiration of the time for seeking such review. See La. C. Cr. P. art. 922; 28 U.S.C. § 2244(d)(1); State v. Lewis, 350 So.2d 1197 (La. 1977). Direct review includes review by the United States Supreme Court via writ of certiorari. Williams v. Artuz, 237 F.3d 147 (2d Cir. 2001), cert. den., 534 U.S. 924 (2001).

La. C. Cr. P. art. 914(B) states: "A motion for an appeal must be made no later than: (1) thirty days after the rendition of the judgment or ruling from which the appeal is taken; or (2) thirty days from the ruling on a motion to reconsider sentence filed pursuant to Article 881.1, should such a motion be filed."

An application for rehearing must be made within 14 days of rendition of the judgment of the Supreme Court or any appellate court. See La. C. Cr. P. art. 922 (A).

[4] June 11, 2011, was a Saturday.

7

conviction or other collateral review" that tolled the one-year limitation period for filing a habeas petition. See Sampia v. Cain, 48 Fed. Appx. 916, *4 (5th Cir. 2002). Therefore, Pilinski's one-year limitation period was tolled from October 3, 2011 through on July 25, 2012, when the district judge denied his motion to correct illegal sentence. Pilinski had 112 days of untolled time from June 13, 2011 until October 3, 2011.

Pilinski timely filed an application for post-conviction relief on April 26, 2012[5] which was denied by the District Court on April 23, 2013. Pilinski timely filed an application for writs to the Louisiana Second Circuit Court of Appeal on May 8, 2013, which was denied on August 15, 2013. Pilinski timely filed an application for writs to the Louisiana Supreme Court on September 16, 2013,[6] which was denied on April 17, 2014. That judgment became final on July 29, 2014.[7]

Pilinski's habeas application was filed on April 30, 2014. Since Pilinski had 112 days of untolled time between the date his conviction became final and the date on which he filed his habeas application, his habeas application is timely.

---

[5] See La. C. Cr. P. art. 930.8.

[6] The end of the 30-day period, September 14, 2013, was a Saturday.

[7] This date was calculated by adding 14 days for an application for rehearing, La. C. Cr. P. art. 922, and 90 days for writs of certiorari to the United States Supreme Court, Rules of the Supreme Court of the United States Rule 13.

"Direct review," as used in Section 2244(d)(1)(A), includes direct review by the United States Supreme Court via writ of certiorari. The limitations period for state prisoners to seek habeas relief therefore begins to run only after the denial of certiorari or the expiration of time for seeking certiorari. Williams, 237 F.3d at 151.

D. The grounds raised in Pilinski's habeas petition are meritless.

1. Pilinski's constitutional rights were not violated by the errors in the Bill of Information.

Pilinski contends his constitutional rights to due process and equal protection of the law were violated when he was convicted on a Bill of Information that: (1) cited the incorrect statute (La. R.S. 14:108.3); and (2) failed to list the two required elements that make the offense a felony.

The conclusion as to whether a state trial court was deprived of jurisdiction by a fatally defective indictment is a question foreclosed to a federal habeas court "[w]hen it appears ... that the sufficiency of the indictment was squarely presented to the highest court of the state on appeal, and that court held that the trial court had jurisdiction over the case." See Liner v. Phelps, 731 F.2d 1201, 1203 (5th Cir. 1984) (citing Murphy v. Beto, 416 F.2d 98, 100 (5th Cir. 1969); see also Evans v. Cain, 577 F.3d 620, 624 (5th Cir. 2009). Pilinski raised the issues relating to his Bill of Information in his application for post-conviction relief. The Louisiana Supreme Court considered the issues on Pilinski's petition for writ of certiorari and denied the petition (Doc. 23-4, pp. 150-151/268; Doc. 23-5, p. 56/188). Therefore, habeas review is foreclosed on this issue.

2. Pilinski's guilty plea was knowing, intelligent, and voluntary.

Pilinski argues that his guilty plea was not knowing, intelligent, and voluntary because he believed he would receive good time credit and concurrent sentences when he pleaded guilty.

A federal court reviewing a state court plea bargain may only set aside a guilty plea or plea agreement that fails to satisfy due process. If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty without being coerced to do so, the guilty plea and any concomitant agreement will be upheld on federal review. See Frank v. Blackburn, 646 F.2d 873, 882 (5th Cir. 1980), modified, 646 F.2d 902 (5th Cir.), cert. den., 454 U.S. 840 (1981).

At the plea and sentencing hearing, the Prosecutor explained the terms of the plea agreement to the Court. The Prosecutor stated (Doc. 23-3, p. 119/272):

> After pleading guilty to Count 3, he will then plead to the fourth Felony Habitual Offender Bill which would put him in a range of 20 to life. He'll receive a sentence of 20 years at hard labor. This will be consecutive to the ten years he's backing up on the charge that he's serving on now.

Defense counsel then stated that was their understanding of the plea deal (Doc. 23-3, p. 119/272). When Pilinski questioned the Judge about the sentence he would receive, the Prosecutor reiterated that the 20 years would be consecutive to the ten year sentence he was currently serving (Doc. 23-3, p. 120/272). The Judge then asked Pilinski whether he wanted to do that, and Pilinski responded affirmatively (Doc. 23-3, p. 120/272). Therefore, Pilinski was clearly informed of and agreed to imposition of a consecutive sentence.

Pilinski did not ask the Court about good time during the hearing and it was discussed. As Pilinski contends in his brief, he apparently asked his attorney about good time calculations during the plea hearing. His attorney then told the Judge that

"he had some questions about calculations, which I know this Court doesn't get into" (Doc. 23-3, p. 124/272). The Court responded that he did not know how to "calculate that" and said "[i]t's some formula with the Department of Corrections." Pilinksi alleges in his brief that his attorney told him he would not serve more than 10 years. Pilinski contends now that he would not have pleaded guilty had he known he would have to serve 20 years flat time.

The loss of good time as a result of a guilty plea is a collateral effect of the plea that is too remote to require the sentencing court to advise a defendant with regard to it. It is not essential to the validity of a guilty plea that non-eligibility for parole, probation, or good time be explained to the defendant. See Ladner v. Henderson, 438 F.2d 638 (5th Cir. 1971) (citing Onick v. United States, 425 F.2d 1292, 1293 (5th Cir. 1970), cert. den., 400 U.S. 846 (1970)); Sanchez v. U.S., 417 F.2d 494, 497 (5th Cir. 1969). Defendants need not be informed of collateral consequences such as possible ineligibility for good time in order to voluntarily and intelligently plead guilty. See Johnson v. Dees, 581 F.2d 1166, 1167 (5th Cir. 1978); see also U.S. v. Ballard, 91 F.2d 255, 258 (5th Cir. 1990), cert. den., 499 U.S. 954 (1991).

Good time credit was not part of Pilinski's plea agreement. Pilinski and possibly his attorney misunderstood the unavailability of good time for habitual offenders. However, Pilinski's guilty plea was not rendered unknowing and involuntary because he was not advised that he would not be eligible for good time. Therefore, this ground is meritless.

11

### 3. Pilinski cannot attack his 2006 predicate conviction in his habeas petition.

Pilinski contends the 2006 predicate felony conviction (illegal possession of stolen things) used for his habitual offender adjudication did not comply with La. C. Cr. P. art. 701,[8] because the State did not institute prosecution with an indictment or bill of information before Pilinski pleaded guilty to that offense. Pilinski contends that, in his 2006 criminal proceeding, the judge ordered the Prosecutor to file a Bill of Information after Pilinski's guilty plea was entered.

Pilinski is attempting to attack the validity of one of his predicate offenses in the § 2254 habeas petition for his current, enhanced sentence. A state prisoner who has failed to pursue available remedies to challenge a prior conviction (or has done so unsuccessfully), that has been used to enhance a current sentence, may not collaterally attack the prior conviction through a motion under 28 U.S.C. § 2254 directed at the current, enhanced state sentence.[9] See Lackawanna Cty. Dist. Attorney v. Coss, 532 U.S. 394, 403 (2001) (citing Daniels v. United States, 532 U.S. 374 (2001)); see also Johnson v. Warden U.S. Penitentiary Pollock, 117 Fed. Appx. 381 (2005).[10]

---

[8] Article 701 is the Speedy Trial statute.

[9] There is an exception to the general rule for § 2254 petitions that challenge an enhanced sentence, on the basis that the prior conviction used to enhance the sentence was obtained where there was a failure to appoint counsel in violation of the Sixth Amendment. See Lackawanna Cty. Dist. Attorney, 532 U.S. at 403.

[10] Under Louisiana law, a defendant may not collaterally attack predicate convictions during the habitual offender proceedings. See State v. Tharpe, 459 So.2d 44 (La. App. 2d Cir. 1984), writ den., 463 So.2d 600 (La. 1985).

12

Therefore, this issue does not state a claim for relief under § 2254.

> 4. <u>The trial court did not err in denying Pilinski's motion to recuse the District Attorney's office.</u>

Next, Pilinski argues the trial judge erred when he denied Pilinski's motion to recuse the District Attorney's office.

Once a guilty plea has been entered, all non-jurisdictional defects in the proceedings against a defendant are waived. See <u>Smith v. Estelle</u>, 711 F.2d 677, 682 (5th Cir. 1983), cert. den., 466 U.S. 906 (1984) (citing <u>Barrientos v. United States</u>, 668 F.3d 838, 842 (5th Cir. 1982). Therefore, this non-jurisdictional claim is not properly before the Court for habeas relief.

> 5. <u>Noncompliance with La. R.S. 15:529.1 does not state a constitutional claim for habeas relief.</u>

Pilinski argues that his March 21, 2011 habitual offender proceedings did not comply with La. R.S. 15:529.1. Specifically, Pilinski contends the habitual offender proceedings were based on unknowing and involuntary guilty pleas for the predicate offenses. Pilinksi contends the State failed to present a contemporaneous record of his prior convictions, to affirmatively show he was the same person who pleaded guilty to those offenses and that he knowingly and voluntarily waived his rights before pleading guilty to the prior offenses.

A guilty plea "and the ensuing conviction encompasses all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence." See <u>United States v. Broce,</u> 488 U.S. 563, 569 (1989). A plea of guilty amounts to more than a mere confession; it is instead "an admission that [the

defendant] committed the crime charged against him." See id. at 570. A plea of guilty admits all the elements of a formal criminal charge and waives all non-jurisdictional defects in the proceedings leading to conviction. See United States v. Cothran, 302 F.3d 279, 285–86 (5th Cir. 2002).

Pilinski pleaded guilty to the habitual offender bill pursuant to his plea agreement, thereby admitting he was the same person who was previously convicted of the previous offenses and waiving any non-jurisdictional defects in the current proceeding. Therefore, this non-jurisdictional claim is not properly before the Court for habeas relief.

### 6. The sentence imposed was not excessive.

Next, Pilinski argues the 20-year sentence imposed was excessive.[11] In Haynes v. Butler, 825 F.2d 921, 923-24 (5th Cir. 1987), cert. den., 484 U.S. 1014 (1988), the court stated the following standard by which a federal habeas court may review a state trial court's sentencing decision:

> Although wide discretion is accorded a state trial court's sentencing decision and claims arising out of that decision are not generally constitutionally cognizable, relief may be required where the petitioner is able to show that the sentence imposed exceeds or is outside the statutory limits, or is wholly unauthorized by law. If a sentence is within the statutory limits, the petitioner must show that the sentencing decision was wholly devoid of discretion or amounts to an "arbitrary or capricious abuse of discretion," or that an error of law resulted in the improper exercise of the sentencer's discretion and thereby deprived the petitioner of his liberty.

---

[11] Pilinski contends he received a 30-year sentence. However, he received a 20-year sentence as a habitual offender that was imposed to run consecutively to his prior, unfinished 10-year sentence.

14

Pilinski's sentencing range, as a fourth felony offender, was 20 years to life imprisonment. Since Pilinski's 20-year sentence is within the statutory sentencing range,[12] was the sentence he agreed to, and was in fact the lowest possible sentence he could receive, Pilinski has not shown the trial judge abused his discretion.

### 7. Pilinski did not have ineffective assistance of trial counsel.

Pilinski contends he had ineffective assistance of trial counsel because his attorney: (A) instructed Pilinski to plead guilty instead of going to trial; (B) did not adequately prepare for trial; (C) did not interview Pilinski in a timely manner to discuss the case; (D) did not attempt to contact witnesses; (E) refused to adopt the change of venue motion; (F) neglected to study the record; (G) failed to file a motion to suppress after being advised to do so; (H) failed to file an appeal on the denial of the motion to recuse the DA's office; (I) failed to file a motion to quash, leaving Pilinski to file it pro se; (J) failed to challenge the habitual offender bill of information; and (K) failed to notice the defective Bill of Information.

To prevail on a habeas complaint of ineffective assistance of counsel, a complainant must meet the two-pronged test set forth by the Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984): (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense. See Jones v. Cain, 227 F.3d 228, 230 (5th Cir. 2000). A defendant is prejudiced if there is a reasonable

---

[12] La. R.S. 15:529.1.

probability that, but for counsel's unprofessional errors, the results of the proceedings would have been different. See Jones, 227 F.3d at 230 (citing Strickland, 466 U.S. at 694). To make that determination, the court must examine the proceedings as a whole, giving due consideration to the weight of the evidence supporting the verdict and evaluating the alleged failings of counsel in that total setting. See Jones, 227 F.3d at 230. The court does not assess any alleged error in isolation. See Jones, 227 F.3d at 230. In an examination of state proceedings under 28 U.S.C. § 2254 the court will not reject an adjudication on the merits unless the action by the state court is found to be contrary to, or an unreasonable application of, clearly established federal law, or the state court's determination of the facts is manifestly unreasonable in light of the evidence. See Jones, 227 F.3d at 230.

However, once a guilty plea has been entered, all non-jurisdictional defects in the proceedings against a defendant are waived. This includes all claims of ineffective assistance of counsel, except insofar as the alleged ineffectiveness relates to the voluntariness of the giving of the guilty plea. See Smith v. Estelle, 711 F.2d 677, 682 (5th Cir. 1983), cert. denied, 466 U.S. 906 (1984); see also Hill v. Lockhart, 474 U.S. 52, 56-57 (1985); Barrientos v. United States, 668 F.2d 838, 842 (5th Cir. 1982).

Pilinski argues his attorney was ineffective because he instructed him to plead guilty instead of going to trial. Pilinski's allegation, that he would gone to trial had he known he would be sentenced to 20 years flat time, is not credible and warrants summary dismissal. Pilinski was not promised a 10-year sentence. Federal habeas

16

relief is only awardable in situations involving plea agreement when an "actual promise" has been made to the Defendant by the prosecutor or his defense attorney, not merely when there is an "understanding" on his part as to the nature of the agreement. See Davis v. Butler, 825 F.2d 892, 894 (5th Cir. 1987) (citing McKenzie v. Wainwright, 632 F.2d 649, 651 (5th Cir. 1980); see also Ford v. Louisiana, 2009 WL 1916388, *9 n. 7 (M.D. La. 2009).

Had Pilinski gone to trial, he could have been convicted, a habitual offender bill would have been filed against him, and he could have received a sentenced to life imprisonment. Twenty years was the lowest sentence that could have been imposed on him as a fourth felony offender. See La. R.S. 15:529.1. The imposition of the sentence to run consecutively to his previous sentence was explained to Pilinski at his hearing, and he agreed to it. Good time credit is not available for habitual offenders, as a matter of law. See La. R.S. 15:571.3(C)(1).

Therefore, although Pilinski's sentence may not have been what he "understood" it would be, he received the lowest sentence he could possibly have received. He could not have done better by going to trial unless he was found not guilty on all three charges. Given the evidence in the record, it is unlikely that Pilinski would not have been convicted on at least one of his charges, which would have been his fourth felony conviction.

Therefore, Pilinski has not shown that the advice he received from his attorney concerning the guilty plea was not within the range of competence demanded of attorneys in criminal cases. See Smith, 711 F.2d at 682. Pilinski has not carried his

burden of proving he had ineffective assistance of counsel with regard to his guilty plea.

Pilinksi also complains that his attorney did not adequately prepare for trial; failed to interview Pilinski in a timely manner to discuss the case; did not contact his alibi witnesses; refused to "adopt" Pilinski's first attorney's motion for change of venue motion; neglected to study the record; failed to file a motion to suppress after being advised to do so; failed to file an appeal on the denial of the motion to recuse the DA's office; failed to file a motion to quash, leaving Pilinski to file it pro se; failed to challenge the habitual offender bill of information; and failed to notice the defective Bill of Information. These claims are non-jurisdictional and were waived when Pilinksi pleaded guilty to aggravated flight from an officer and fourth felony habitual offender.

### 8. Pilinski's Vindictive Prosecution Claim is non-jurisdictional and waived.

Next, Pilinski argues the District Attorney's office engaged in vindictive prosecution of Pilinski in his habitual offender proceedings, due to criticism by the media, private citizens, and political foes. Again, this claim is non-jurisdictional and was waived by Pilinski's guilty pleas.

## IV. Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that Pilinski's § 2254 petition for writ of habeas corpus be DENIED AND DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 2(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing. No other briefs (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes a final ruling.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** See <u>Douglass v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 cases in the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on**

whether a certificate of appealability should issue. See 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE AND SIGNED in Alexandria, Louisiana on this __18th__ day of April 2017.

_____
HON. JOSEPH H. L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE